GILLESPIE v. STATE.

Opinion delivered October 19, 1901.

ASSAULT—SELF-DEFENSE—NECESSARY FORCE.—Where it was sought to convict a peace officer of an aggravated assault by proof that he used more violence in making an arrest than was necessary, and the court charged the jury that if "defendant used greater force or violence in making the arrest than was apparently necessary, he would not be justified," it was error to refuse a further instruction asked by defendant to the effect that defendant had a right to use whatever means appeared to him at the time to be necessary to protect himself from serious bodily injury, even though it subsequently appeared that he used more force than was actually necessary.

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

C. F. Greenlee, for appellant.

Evidence of a previous offense is competent, where it discloses a motive for the act which is the subject of the investigation. 49 Ark. 449; 2 Ark. 229; 17 S. W. 358. The court erred in refusing to give the instructions asked by appellant upon the law of self-defense. 67 Ark. 594. The third instruction asked by appellant should have been given. 57 S. W. 820, 825.

G. W. Murphy, Attorney General, for appellee.

The instructions asked by appellant on the law of self-defense were properly refused. 64 Ark. 613.

HUGHES, J. The appellant, Perry Gillespie, who was the city marshal of the city of Brinkley, was indicted by the grand jury of Monroe county, under section 1476 of Sandels & Hill's Digest,

for an aggravated assault upon one T. C. Bull; pleaded not guilty; was tried and convicted of an assault and battery; was fined $50; and appealed to this court.

The evidence tends to show that T. C. Bull was drunk, and was a dangerous man, of a violent temper, and in the habit of going armed; that he was boisterous, cursing and swearing, and had made threats against a negro. The appellant expostulated with Bull, tried to quiet him and get him to leave, more than once. The appellant testifies that he afterwards saw Bull raise a chair, as if to strike Mr. E. C. Brown, as he thought, and that he struck with it, and he thought at the time he struck at Brown, who was standing between Bull and his (Bull's) horse. But it appeared afterwards that Bull struck over Brown's head at the horse. At this juncture Gillespie stepped up, and told Bull to consider himself under arrest, and took hold of Bull's wrist, and told Brown to take hold of him. Bull said: "You are a God damned lying son of a bitch! You cannot arrest me!" and quickly put his hand to his hip pocket, when Gillespie struck him at once with his stick, called a policeman's "billy," and says in his testimony, "at the first blow, I thought he was coming on me, and hit him again when he fell." The stick weighed thirteen ounces. He testified that he not only knew Bull's reputation as being a dangerous man of violent temper, and as one who carried arms, but knew his character from his personal knowledge.

It was admitted that Bull was drunk, and violating a city ordinance by being drunk and disorderly, and that the appellant as city marshal had the right at the time to arrest him.

At plaintiff's request the court instructed the jury as follows: "The court instructs the jury that under the law an arrest may be made by a peace officer, in obedience to a warrant of arrest delivered to him, or without a warrant where a public offense is committed in his presence, or where he has reasonable grounds for believing that the person arrested has committed a felony; and the court tells you that a marshal is a peace officer. The court further tells you that an arrest is made by placing the person in restraint, or by his submitting to the custody of the person making the arrest; but in making the arrest no unnecessary force or violence shall be used, and in this case, although the jury may believe from the evidence that the defendant was a peace officer, and as such was undertaking to arrest the prosecuting witness, Bull, still, if you further believe from the evidence, beyond a reasonable doubt,

that the defendant used greater force or violence in making the arrest than was apparently necessary, he would not be justified or excusable under the law, and you will find him guilty."

This instruction is not quite correct,—not full enough in this, that it reads: "If you further believe from the evidence, beyond a reasonable doubt, that the defendant used greater force or violence in making the arrest than was apparently necessary, he would not be justified or excusable under the law, and you will find him guilty." "Apparently necessary" to whom? If it appeared to the appellant to be necessary, and if he had reasonable grounds for such belief, it was enough, whether or not it might appear to others to be necessary. He was the person who was to act upon the emergency as it appeared to him.

To cover this phase of the case the appellant asked, but the court refused, the following instruction, to which he excepted: "3. If T. C. Bull, at the time of the assault complained of, was violating a city ordinance, or was committing a misdemeanor, the defendant, as city marshal, had a right, and it was his duty, to arrest him, and to use force, if necessary to do so. He was not obliged to call any one to his assistance. It is not the law that all other means must be resorted to, before using force to make the arrest. The court instructs you that, if defendant struck T. C. Bull, while making the arrest, and at the time that said Bull was attempting to strike defendant, or to do him injury, or if it reasonably appeared to defendant, viewed from his standpoint alone, by words or acts, or by words and acts, that Bull was about to make an unlawful attack upon him, then and in that event the defendant had a right to use whatever means was necessary to protect himself from serious bodily injury. And this is the case, although it subsequently appeared that the defendant used more force than was actually necessary to protect himself from serious bodily injury or to make the arrest. In other words, the defendant had a right to act upon danger or reasonable appearance of danger." This instruction, taken with the other, fully states the law, and the court erred in not giving it. *Magness* v. *State,* 67 Ark. 594. In this case Mr. Justice Battle said in the opinion of the court: "A man, when threatened with the loss of life or great bodily injury, is compelled to act upon appearances, and determine from the circumstances surrounding him at the time as to the course he shall pursue to protect himself. When the danger is pressing and imminent, his own safety demands immediate and prompt

action. Delay may involve the loss of life or great bodily injury. In such cases he is from necessity the judge of his own action. * * * 'A contrary rule would make the law of self-defense a snare and a delusion. It would become but a mockery of the sacred right of self-preservation.' "

For the error in refusing to give the third instruction, the judgment is reversed, and the cause is remanded for a new trial.